(No. 76-CC-0333– )

MARGARET CZASKA, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed September 18, 1979.*

STEPHEN G. PINTO (LEO M. BLEIMAN, of counsel), for Claimant.

WILLIAM J. SCOTT, Attorney General, and DUNN, BRADY, ULBRICH, MOREL & JACOB (KENNETH C. KOMBRINK, Special Assistant Attorney General, of counsel), for Respondent.

POCH, J.

Claimant, Margaret Czaska, age 22, was on April 10, 1975, a student attending Northeastern Illinois University at Chicago, Illinois. Claimant testified that on the afternoon of the date she had completed a class at the University and was in the company of one James Freezor driving her automobile from the parking lot on the University grounds. While driving on an exit road toward Foster Avenue, her car hit what has been determined to be an elevated sewer manhole cover. From a report filed by the University, the manhole cover was elevated about three inches and there were chuckholes on either side of the manhole cover approximately four inches deep. Claimant testified that the weather was wet and it was muddy. The chuckholes in question were "filled with water and not obvious to driver". Claimant testified that her automobile stopped abruptly; that her head hit the steering wheel and she was thrown back. She further testified that her passenger was also injured. She stated that both were treated at the University Health Service

Center. She was taken to Swedish Covenant Hospital where stitches were taken in her mouth and lip; the stitches were later removed by Dr. Clarence Peckler. Her front teeth were injured in the impact with the steering wheel. She stated that she was treated by her dentist, Dr. Henry N. Rowblewski. As a result of the accident she was troubled with blurring vision. She stated that she was treated by Dr. Perry Ross, an eye doctor, who prescribed prescription eyeglasses for her. Her eyes continued to bother her so she saw Dr. Chester Nowak who prescribed eye exercises for her which improved the eye condition. She testified that her eyes are now fine. At the time of the accident she was employed as a checker for the Jewel Company at a salary of $40.00 to $50.00 per week; that she lost four weeks from her employment. The cost to repair her automobile amounted to $687.98. As a result of the accident she now has a small scar on her lip.

On cross-examination, she stated that the road in question was a gravel road and, though there was being constructed a building nearby, the road in question was open to traffic and students were using it and that the road was very bumpy.

Melvin Andrew Skvarla, campus planning officer of the Respondent University, called as a witness for Respondent, testified that the Capital Development Board of the State of Illinois was putting in a new parking lot and tennis court at the University. In the performance of its work, the contractor was ordered to put in a temporary or construction road, this being the road on which this accident happened.

On cross-examination, he stated that there were no markings; that the area was a construction site and that no fence or anything else was erected to prevent the free use of the road in question. There was no official

notification by the University that the students were not to use the road.

Claimant's special damages are as follows:

| | |
|---|---:|
| Swedish Covenant Hospital | $ 45.25 |
| Dr. Clarence A. Peckler | 35.00 |
| Dr. Perry Ross | 50.00 |
| Sears Roebuck (glasses) | 57.95 |
| Dr. Chester J. Nowak | 250.00 |
| Loss of wages | 200.00 |
| Car Repair | 687.98 |
| Towing charge | 12.50 |
| Total | 1,338.68 |

It is the opinion of the Court that Respondent was negligent in the operation and maintenance of this "construction" or "temporary" road in that it allowed said road to have an elevated sewer manhole cover that vehicles using the road might come in contact with. The Court finds that the road in question was being used for vehicular traffic by students of the University and the general motoring public and that Respondent was negligent in not barricading the area and in not notifying or warning the motoring public of a dangerous condition. Respondent's negligence directly caused the Claimant's injuries herein complained of. There is no evidence of contributory negligence on the part of the Claimant.

The Claimant is awarded the sum of $4,500.00.